UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

DEMETRIUS JOHNSON,
    Plaintiff,

vs.                                            Case No.:  1:22cv200/AW/ZCB

NAPHCARE et al.,
    Defendants.
_____/

# REPORT AND RECOMMENDATION

Plaintiff is incarcerated in the Florida Department of Corrections (FDOC). He filed a *pro se* complaint under 28 U.S.C. § 1331 and 42 U.S.C. § 1983, and a motion to proceed *in forma pauperis*. (Docs. 1, 2). Upon review of Plaintiff's complaint, the undersigned recommends this case be transferred to the United States District Court for the Middle District of Florida.[1]

## I.    Background

Plaintiff is suing the FDOC and NaphCare, a private corporation that allegedly provided medical and mental healthcare services to inmates at Florida State Prison

---

[1] This case was referred to the undersigned for the issuance of all preliminary orders and any recommendations regarding dispositive matters. *See* N.D. Fla. Loc. R. 72.2(C); see also 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b).

1

in late 2020 through early 2021. (Doc. 1 at 1-3).[2] Plaintiff alleges from November 1, 2020 through January 31, 2021, he was assaulted and injured by prison officials at Florida State Prison in Raiford, Florida. (*Id.* at 5-8). He alleges NaphCare failed to provide medical care for the injuries he suffered as a result of the assault(s). (*Id.*). Plaintiff also alleges his current confinement (at Polk Correctional Institution) exceeds the sentence imposed by the state court. (*Id.* at 5, 8). Plaintiff seeks compensatory and punitive damages in the amount of $300,000,000. (*Id.* at 8).

## II.   Discussion

Venue for actions under § 1983 is governed by 28 U.S.C. § 1391(b), which provides:

> A civil action may be brought in (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

---

[2] The Court refers to the page numbers automatically assigned by the Court's electronic filing system.

*Id.*[3] When a civil action is brought in the wrong (or an inconvenient) forum, the district court may *sua sponte* transfer it to the proper or more appropriate forum. *See* 28 U.S.C. § 1404(a) ("For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."); *see also* 28 U.S.C. § 1406(a) ("The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought."). Before proceeding with the dismissal or transfer, the court should provide the parties with notice and an opportunity to be heard.[4] *Tazoe v. Airbus S.A.S.*, 631 F.3d 1321, 1336 (11th Cir. 2011).

All of the events or omissions giving rise to Plaintiff's claims (assaults by prison officials, denial of medical care, and over-detention) occurred in the Middle District of Florida (both Florida State Prison and Polk C.I. are located there). The

---

[3] For purposes of venue, a corporation like NaphCare is deemed to reside in any judicial district in Florida in which its contacts would be sufficient to subject it to personal jurisdiction if that district was a separate State. 28 U.S.C. § 1391(c)(2).

[4] This report and recommendation, and Plaintiff's opportunity to object to is, satisfies this requirement. *See Nalls v. Coleman Low Fed. Inst.*, 440 F. App'x 704 (11th Cir. 2011).

following considerations pertinent to the private interests of the parties weigh in favor of transfer to the Middle District: "the relative ease of access to sources of proof; availability of compulsory process for attendance of unwilling, and the cost of obtaining attendance of willing, witnesses; possibility of view of premises, if view would be appropriate to the action; and all other practical problems that make trial of a case easy, expeditious and inexpensive." *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 241 n.6 (1981) (cleaned up). The following public factors also weigh in favor of transfer: the "local interest in having localized controversies decided at home" and "the unfairness of burdening citizens in an unrelated forum with jury duty." *Id.* The only relationship this case has to the Northern District is the location of the FDOC Secretary's Central Office in Tallahassee, Florida. (Doc. 1 at 3). The more appropriate and convenient forum for litigation of Plaintiff's claims is the Middle District of Florida.

### III.  Conclusion

For the convenience of the parties and the public, and in the interest of justice, the undersigned respectfully **RECOMMENDS** that:

1. This case be **TRANSFERRED** to the United States District Court of the Middle District of Florida.

2. The Clerk of Court close this case.

At Pensacola, Florida this 23rd day of September 2022.

/s/ *Zachary C. Bolitho*
Zachary C. Bolitho
United States Magistrate Judge

### NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen days of the date of the Report and Recommendation. <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control</u>. An objecting party must serve a copy of the objections on all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**